**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JESSICA LYNN RAKER,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | **NO. 10-2885** |
| v. | : | |
| **BAR-BQ PIT, INC.,** | : | |
| Defendant | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                                 **April 30, 2012**

Jessica Lynn Raker worked as a server at Bar-BQ Pit, a Berks County, Pennsylvania restaurant, from November 2007 through July 2008. She contends that she was subjected to a hostile work environment, sexual harassment and retaliation for making complaints and that these circumstances forced her to leave her employment. The Defendant filed a Motion for Summary Judgment which, for the following reasons will be denied.

## I. BACKGROUND

At the beginning of her employment with Bar-BQ Pit, Miss Raker worked four to seven evening shifts each week. Bar-BQ Pit was owned by Hippocrates "Lucky" Deligiannis. The day-to-day management of the restaurant was largely entrusted to Mr. Deligiannis' two daughters, Eleni Deligiannis and Georgine Zdravecki. Miss Raker contends that beginning in May 2008, she was subjected to sexual harassment by Mr. Deligiannis. According to the complaint, there were repeated and offensive advances, comments and incidents during the entire time she was employed at Bar-BQ Pit. Miss Raker also contends that she reported the incidents to one of Mr. Deligiannis' daughters

and to another employee and that nothing was done.  In July 2008, Miss Raker was taken off the schedule and left her employment because, in her words, she "had enough" of Mr. Deligiannis' behavior.

## II.  STANDARD OF REVIEW

A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  FED.R.CIV.P. 56(a).  A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law.  Id.

A party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."  Id. at 325.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers or other materials.  FED.R.CIV.P. 56(c)(1)(A).  That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish

the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. at 322.  Under Rule 56, the court must view the evidence presented on the motion in the light most favorable to the opposing party.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.  The court must decide not whether the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.  Id. at 252.  If the non-moving party has exceeded the mere scintilla of evidence threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent.  Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III.  DISCUSSION

To prove a hostile work environment claim under Title VII, the Plaintiff must show that she (1) suffered intentional discrimination because of a membership in a protected class; (2) that the discrimination was pervasive and regular; (3) that the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex or race in that position; and (5) there was a basis for vicarious liability.  Andrews v. City of Philadelphia, 895 F.2d 1469 (3d Cir. 1990); Cardenas v. Massey, 269 F.3d 251 (3d Cir. 2001).

Jessica Raker is a member of a protected class.  If her allegations are proven to be true, the behavior of Mr. Deligiannis would be offensive to any reasonable female.  The conduct she describes in her complaint appears to have been both severe and pervasive.

In any event, whether the conduct was pervasive, severe and regular presents an issue of fact to be determined by the jury. On the record as it has been developed through discovery, there is no basis for me to find as a matter of law that the conduct was not pervasive, regular or severe.

Whether there is a basis for vicarious liability also presents a fact question. The Defendant contends that there can be no *respondeat superior* liability unless the employer has actual knowledge or constructive knowledge of the complained of conduct. Bar-BQ Pit attempts to isolate Mr. Deligiannis from the Plaintiff by pointing out that his daughters, Georgine and Eleni, actually managed the restaurant and that Mr. Deligiannis did not have day-to-day management responsibilities. It appears that Mr. Deligiannis was the owner of the business, that there was only a limited number of employees, that his daughters may well have supervised the employees but were certainly supervised by Mr. Deligiannis and that whatever the day-to-day responsibilities of Georgine and Eleni might have been, Mr. Deligiannis appears to have had overall responsibility for and authority over all aspects of the business, including personnel decisions. What Mr. Deligiannis did or said, what actions he took with respect to the Plaintiff and whether his activities as described in the complaint created a hostile work environment are all questions of fact. So too are questions about his authority over the employees and whether there is any factual and legal basis for a finding of vicarious liability.

Miss Raker contends that she was constructively terminated in that Mr. Deligiannis' behavior made her working conditions intolerable. The Defendant contends that she separated from her employment of her own accord and that the separation had to

do with matters other than the behavior of Mr. Deligiannis or the supervision provided by Georgine and Eleni. These are questions of fact appropriately put before the jury.

To grant summary judgment for the Defendant in this case would be to resolve important and disputed questions of fact in favor of the Defendant. The facts are not clear and the information developed through discovery only highlights the sense that the Plaintiff and the Defendant have wide-ranging differences in interpreting the facts of this case. That makes this case inappropriate for summary judgment. I will deny the Defendant's motion. An appropriate Order follows.